UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.

| | |
|---|---|
| STEPHEN SCANLON, ) | 04 10418 MEL |
| Plaintiff ) | |
| ) | MAGISTRATE JUDGE Bowler |
| v. ) | |
| ) | RECEIPT # 54209 |
| ANDREA J. CABRAL, individually and in her ) | AMOUNT $ 150 |
| capacity as Sheriff of Suffolk County, ) | SUMMONS ISSUED 3 |
| THE COUNTY OF SUFFOLK, and the ) | LOCAL RULE 4.1 |
| CITY COUNCIL OF THE CITY OF BOSTON ) | WAIVER FORM |
| ) | MCF ISSUED |
| Defendants ) | BY DPTY. CLK. |
| ) | DATE 3-2-04 |

**PLAINTIFFS' COMPLAINT, COMPENSATORY AND
PERMANENT INJUNCTIVE RELIEF REQUESTED**

## INTRODUCTION

This is an action brought by a former Senior Investigator for the Suffolk County Sheriff's Department. He served the Department for twelve years with an unblemished record and a long history of accomplishment and commendations. On November 14, 2003, he was terminated after a Constitutionally inadequate, brief hearing at which he was not permitted to present or cross examine witnesses or produce other evidence and was not notified of his appeal rights. When he requested the post-discharge hearing that is Constitutionally required and that state law requires that counties provide their employees, his request was denied, and he was told he had no right to any further hearing. The Department also failed to pay him the accumulated vacation, compensation time, and overtime that he was owed.

Plaintiff now brings this action on the basis of his statutory and Constitutional right to a full evidentiary hearing on the merits of his discharge as well as on the basis of state and federal wage statues. He seeks injunctive relief as well as compensation for lost and unpaid wages, benefits, statutory penalties for the wage violations, punitive damages, attorneys' fees, and costs, all as provided for by law.

## JURISDICTION

1. This Court has jurisdiction pursuant to 42 U.S.C. § 1983 and 29 U.S.C. § 216, and pendent jurisdiction of claims brought pursuant to G.L. c. 149, § 148 and 150.

## PARTIES

2. The Plaintiff, Stephen Scanlon, is a resident of Weston, Massachusetts. He was employed by the Defendant Suffolk County as a Correction Officer and Investigator from September 11, 1991 until November 14, 2003.

3. The Defendant, Andrea J. Cabral, is the Sheriff of Suffolk County, Massachusetts.

4. The Defendant, County of Suffolk is a duly authorized county of the Commonwealth of Massachusetts.

5. The Defendant, City Council of the City of Boston, performs the duties of the County Personnel Board for the County of Suffolk, Massachusetts as set forth in G.L. c. 35, §§ 51 and 56.

## FACTS

6. Plaintiff was hired by the Suffolk County Sheriff's Department ("Department") on September 11, 1991 to the position of Correction Officer and was

thereafter transferred to the Department's Investigation Division in 1998 and held the title of Investigator. His final position was that of Senior Investigator.

7. On November 14, 2003, the Suffolk County Sheriff terminated the Plaintiff's employment after 12 years of continuous employment.

8. As Senior Investigator, Plaintiff was responsible for investigating possible violations of the law both internal and external to the Department and for apprehending escaped inmates and other persons wanted by the Department. Prior to the incidents outlined below, Plaintiff had an unblemished employment record. Indeed, he received numerous commendations for his work.

9. On November 10, 2003, Defendant Suffolk County informed Plaintiff that it intended to terminate him effective November 14, 2003. The stated reason for the decision was Plaintiff's alleged conduct during an off-duty argument that occurred the night of October 14, 2003. Plaintiff promptly requested a pre-termination hearing to dispute the allegations.

10. At Plaintiff's pre-termination hearing on November 13, 2003, Plaintiff's supervisor, Victor Theiss, and Plaintiff's representative, each made an oral presentation to a hearing officer appointed by the Sheriff, Richard D. Tranfaglila, the Department's Director of Personnel. This was the entire extent of the hearing. Plaintiff was permitted neither to submit evidence, present or cross-examine witnesses nor ask questions of Mr. Theiss.

11. The following day, November 14, 2003, the Department notified Plaintiff he was terminated effective immediately. In its termination letter of that date, the

Department failed to provide the Plaintiff with notice of his appeal rights as provided by law. A copy of the termination letter is attached as Exhibit 1.

12. On November 17, 2003, Plaintiff requested that the Boston City Council provide him a post-termination hearing pursuant to G.L. c. 35, §§ 51 and 56. A copy of Plaintiff's request is attached as Exhibit 2.

13. On December 12, 2003, the Corporation Counsel for the City of Boston denied Plaintiff's request, stating that the Boston City Council lacked the authority to provide Plaintiff a hearing based on St. 1991, c. 138, §§ 362 and 363. A copy of the denial is attached as Exhibit 3.

14. The defendants have failed to provide the Plaintiff with any post-termination hearing to challenge the decision to terminate his employment.

15. While employed by Defendant Suffolk County, Plaintiff was regularly required to work more than forty hours per week without being compensated for this time. While some overtime worked by Plaintiff was compensated by compensation time, much of it was not compensated in any way.

17. As of the date of his termination, Plaintiff had accrued approximately 280 hours of unused vacation time, compensation time and credit time that Defendant Cabral has failed to pay him for.

18. On February 11, 2004, Plaintiff submitted a Complaint regarding this unpaid time to the office of the Attorney General of the Commonwealth of Massachusetts, and on February 12, 2004, the Attorney General issued him a right-to-sue letter.

## **CAUSES OF ACTION**

### **COUNT I**

### DENIAL OF PROCEDURAL DUE PROCESS

By terminating Plaintiff's employment without providing an adequate pre- or post-termination hearing, Defendants denied his right to procedural due process under Amendment XIV to the United States Constitution. Plaintiff brings this count under 42 U.S.C. § 1983.

### **COUNT II**

### MASSACHUSETTS STAT. 1960, C. 135

As an employee with more than seven years of service, the Defendants violated Plaintiff's right not to be terminated except for just cause in accordance with Mass. Stat. 1960, c. 135.

### **COUNT III**
### VIOLATION OF SUBSTANTIVE DUE PROCESS

In the alternative to Count II, if Plaintiff is denied the right to a hearing under G.L. Ch. 35, §§ 51 and 56 and/or Massachusetts, Acts of 1960, c. 135, such exclusion violates Plaintiff's right to substantive due process under Amendment XIV to the United States Constitution. Plaintiff brings this count under 42 U.S.C. § 1983.

### **COUNT IV**
### MASSACHUSETTS GENERAL LAW CHAPTER 149, § 148 and 150

Defendants' conduct in failing to pay Plaintiff wages, including vacation, overtime, compensation time and credit time lawfully owed to him, as set forth above, violates G. L. c. 149, § 148. This claim is brought pursuant to G. L. c. 149, § 150.

## COUNT V

## UNPAID OVERTIME COMPENSATION UNDER STATE LAW

Defendants' failure to pay Plaintiff overtime compensation which he was owed violates G.L. C. 151, § 1A.

## COUNT VI

## UNPAID OVERTIME COMPENSATION UNDER THE FAIR LABOR STANDARDS ACT

Defendants' failure to pay Plaintiff overtime compensation which he was owed violates 29 U.S.C. § 207 *et seq.*

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for the following relief:

1. That the Court enter a permanent injunction ordering that Plaintiff be given a full and proper hearing on the merits of his termination;

2. That the Court order the defendants to pay Plaintiff his unpaid wages, including treble damages and attorneys fees as required by G.L. c. 149, § 150 and c. 151, § 1A and/or double damages and attorneys fees as provided for by 29 U.S.C. § 207 *et seq*;

3. That the Court award Plaintiff actual, compensatory, punitive and other damages, as a result of Defendants' unlawful conduct;

4. That Plaintiff be otherwise awarded his reasonable attorneys' fees and costs for the prosecution of this action;

5.  That Plaintiff be awarded whatever other relief the Court deems fit to grant.

Respectfully submitted,

STEPHEN SCANLON,

By his attorneys,

*[signature]*

David Rome, BBO # 426400
Catherine A. Highet, BBO #157407
PYLE, ROME, LICHTEN
   & EHRENBERG, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200

Dated:    March ___, 2004

7