UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10418-MEL

STEPHEN SCANLON,
    Plaintiff,

v.

ANDREA J. CABRAL, individually and in her capacity as Sheriff of Suffolk County, SUFFOLK COUNTY, and the CITY COUNCIL OF THE CITY OF BOSTON,
    Defendants.

**DEFENDANTS SUFFOLK COUNTY'S AND CITY COUNCIL OF THE CITY OF BOSTON'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS.**

I.    INTRODUCTION

The Plaintiff alleges in his Complaint that he was employed by the Suffolk County Sheriff's Department as a Corrections Officer and Investigator from September 11, 1991 until November 14, 2003. (*Complaint*, para. 2,6).  He further alleges that he was wrongfully terminated by Defendant Cabral (hereinafter, "the Sheriff") without adequate pre-or-post-termination hearings. (Id., at para 7, 10, 14).  Hr brings causes of action against all defendants for violations of the procedural and substantive due process requirements of the Fourteenth Amendment to the United States Constitution (Counts I and III); for violations of the Fair Labor Standards Act and state law relating to unpaid overtime, vacation and compensation time (Counts IV, V and VI);

1

and, for violation of his right not to be terminated without just cause, pursuant to Mass. Stat. 1960, c. 135. (Count II).

Suffolk County and the City Council of the City of Boston seek dismissal of all Counts of the Complaint directed against them because St. 1991, ch. 138, §§ 362 and 363 transferred supervision and control of all Suffolk County penal employees from the mayor and city council of the City of Boston to the Sheriff, including all authority regarding appointments, transfers, terminations and promotions. Moreover, § 363(c) specifically exempted the Sheriff's Department from the provisions of G.L. c. 35, which had formerly provided that the City Council serve as a county personnel board. The Sheriff's Department is a legal entity amenable to suit, and separate from the vestigial remnants of "Suffolk County, " and the Sheriff has sole authority over the subject matter of Plaintiff's Complaint.

## II.  APPLICABLE STANDARD

A motion to dismiss is to be allowed when a plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); McLain v. Real Estate Board of New Orleans, Inc., 444 U.S. 232, 246 (1980); Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998); Williams v. Astra USA, Inc., 68 F. Supp. 2d 29 (D. Mass. 1999). In considering a motion to dismiss, the Court is obliged to accept the Plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the Plaintiff's favor. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir.

1999). This indulgence, however, does not require the Court to credit bald assertions, unsubstantiated conclusions or outright vituperation. Correa-Martinez v. Arrillaya-Belendez, 903 F.2d 49, 52 (1st Cir. 1990).

## III. ARGUMENT

Implicit in the Plaintiff's Complaint is an assumption that the Suffolk County Sheriff's Department is a subdivision of an entity known as "Suffolk County," which bears ultimate responsibility for Sheriff's Department personnel matters. In fact, "Suffolk County" exists as a governmental entity virtually in name only, while the Sheriff's Department exists as a separate entity amenable to suit, with the Sheriff responsible for employment matters such as those raised in the Plaintiff's Complaint.

   a. **The Sheriff Has Sole Responsibility For The Matters Raised By The Plaintiff In His Complaint, And Suffolk County No Longer Has Duties Or Powers Related To Such Matters.**

      i. "Suffolk County" Is A Governmental Entity Which Exists Virtually In Name Only.

While it is true that pursuant to G.L. c. 34, §4, the Mayor and City Council of the City of Boston have the powers of, and may perform the duties of, county commissioners for Suffolk County, no such duties remain to perform with respect to the Sheriff's Department.

3

As county commissioners, the Mayor and City Council's primary responsibilities are "erecting and repairing courthouses, jails and other necessary public buildings within and for the use of [Suffolk] county." Hibbard v. County of Suffolk, 163 Mass. 34, 36 (1895). The county commissioners have authority only "to represent their county, and to have the care of its property and the management of its business and affairs in cases where not otherwise expressly provided." G.L. c. 34, §14. As discussed below, the management of Sheriff's Department employment and personnel matters have been transferred expressly to the Sheriff.

  ii. **"Suffolk County," In the Form Of Boston's Mayor And City Councilors, Retains Purely Ministerial Functions With Regard To The Sheriff's Department, And The Sheriff Controls All Corrections Personnel Matters.**

Although historically Suffolk County had a more expansive function, by the last quarter of the twentieth century, Suffolk County's remnants were limited to the operation of: the county courts; the county registry of deeds; and, the office of the Sheriff.

Pursuant to Ch. 478 of the Acts of 1978, the Commonwealth assumed full control and responsibility for the courts, including court properties, operations and all associated costs.

On July 1, 1999, all functions, duties and responsibilities for the operation of the Suffolk County registry of deeds (including properties and associated costs) were transferred to the Commonwealth pursuant to G.L. c. 34B (Ch. 127, § 53 of the Acts of 1999).

4

Custody and control of jail facilities has also been transferred from Suffolk County to the Sheriff, who has custody and control of the jails in his or her county. G.L. c. 126, § 16 provides, in relevant part:

> "The sheriff shall have custody and control of the jails in his county, and, except in Suffolk county, of the houses of correction therein, and of all prisoners committed thereto, and shall keep the same himself or by his deputy as jailer, superintendent or keeper, and shall be responsible for them...In Suffolk county the penal institutions commissioner shall appoint a superintendent of the house of correction, who shall hold office at the pleasure of said commissioner."

Additionally, the exception contained in G.L. c. 126, § 16 for Suffolk County's houses of correction was amended by the Legislature. Line item 8910-0030 of the budget of the Commonwealth for fiscal year 1992, St. 1991, c. 138, conditioned an appropriation for county corrections expansion programs on the following basis (quoted in relevant part):

> "...provided further that, notwithstanding any provision of chapters one hundred and twenty-six or one hundred and twenty-seven of the General Laws...the current Suffolk County House of Correction and the new Suffolk County House of Correction shall be under the sole and exclusive control of the Sheriff of Suffolk county, who shall administer the same in the same manner and with the same authority as found in the statutes which govern the administration of the Suffolk County Jail...." *quoted* at Gordon v. Sheriff of Suffolk County, 411 Mass. 238, 240 (1991); St. 1991, c. 138, §362.

Moreover, the buildings housing the Suffolk County Jail and Suffolk County House of Corrections are owned by the Commonwealth.

5

Finally -- and of greatest relevance to the above-entitled action --- St. 1991, ch. 138, §§ 362 and 363 transferred supervision and control of all Suffolk County penal employees from the City of Boston to the Sheriff's Department, including all authority regarding appointments, transfers, terminations and promotions. Moreover, § 363(c) specifically exempted the Sheriff's Department from the provisions of G.L. c. 35, which formerly provided that the City Council serve as a county personnel board. See St. 1991, ch. 138, §§362 and 363, the text of which is attached hereto as "Exhibit A."

Additionally, Suffolk County as presently comprised has no taxing authority, and has no authority to establish a budget. It cannot incur debt, nor can it post a bond. G.L. c. 150E, § 7(c), as amended by St. 1998, ch. 194, §187, provided a process whereby the Sheriff's Department obtains funding and supervision from a state agency (the County Government Finance Review Board, an agency of the Commonwealth). See, e.g., Line item 8910-0000 of the budget of the Commonwealth for fiscal year 2003, St. 2002, c. 184, §2 (Attached hereto as "Exhibit B"), in which each Sheriff is directed to submit spending plans for fiscal year 2003 directly to the Commonwealth's County Government Finance Review Board, Office of Public Safety and House and Senate committees on Ways and Means. Additionally, collective bargaining agreements entered into by the Sheriff's Department receive approval from the office of the Governor and pursuant to G.L. c. 150E, § 7(c), the Sheriff shall submit to the Governor all requests for

6

appropriations necessary to fund collective bargaining agreements.

Despite their vestigial status as county commissioners, the Mayor and City Council of Boston no longer authorize or participate in the County Corrections budget process in any way. While the City of Boston does perform some purely administrative tasks for the Sheriff's Department (such as processing its payroll), the Commonwealth appropriates funds on its behalf (with less than seven percent of the Sheriff Department's operating budget coming from the City of Boston), and the Sheriff establishes all policies and authorizes all expenditures.

### b. The Sheriff's Department Is A Legal Entity Amenable to Suit Which Has In The Past Routinely Litigated And Settled Matters Related To Its Employees And Functions.

The Suffolk County Sheriff's Department is a legal entity amenable to suit which has previously litigated and settled claims both on its own behalf, and on behalf of Suffolk County in cases where the litigation related to jail functions or Sheriff's Department employment matters.

For example, in Mack v. Suffolk County Sheriff's Department et al., U.S.D.C. Civil Action No. 98-12511-NG , the Sheriff's Department's General Counsel's office represented both the Sheriff and Suffolk County in protracted litigation and mediation, and entered into a settlement separate from the City of Boston on behalf of both of those entities. See Mack v. Suffolk County, 2003 U.S. Dist. LEXIS 4395 (March 24, 2003); See

7

also, *Suffolk County Defendants' Sur-Reply In Opposition to Class Certification* (attached hereto as "Exhibit C"), filed by counsel for the Sheriff's Department in the Mack case. Therein, a Deputy General Counsel for the Sheriff's Department -- in the course of representing both the Sheriff and Suffolk County -- argues persuasively that the Sheriff has exclusive custody and control of the Suffolk County Jail, and that the City of Boston and Suffolk County are distinct entities despite the Mayor and City Council's role as county commissioners.

In Barron v. Hickey, 242 F. Supp.2d 66 (D.Mass., 2003), the Sheriff's Department won partial summary judgment of a former employee's suit alleging First Amendment retaliation, due process, state constructive discharge, and state civil rights claims based upon his resignation. The Sheriff's Department successfully won summary judgment on a Massachusetts Civil Rights Act claim arguing that the Department's alleged failure to train, regulate, discipline or supervise its corrections officers and supervisors was not actionable under the act. In Pantone v. Rufo, 1994 Mass. Super. LEXIS 311 (February 17, 1994)(attached hereto as "Exhibit D") the Sheriff's Department defended a Section 1983 civil rights suit directed against the Sheriff in both his individual and official capacities.

Attached hereto as "Exhibit E" is a copy of a Motion to Dismiss filed by the Sheriff's Department's General Counsel's office on behalf of both Suffolk County and the Sheriff in Gilanian v. City of Boston et al., U.S.D.C. Civil Action No. 01-11580-NG (in which

Counsel for the Sheriff's Department sought dismissal of civil rights claims directed against Suffolk County arising from the conduct of the Sheriff's Department's employees.

The Sheriff's Department has also entered into collective bargaining agreements and by initiating litigation has availed itself of the protections of courts in connection therewith. See, e.g., Suffolk County Sheriff's Dep't v. AFSCME Council 93, 50 Mass.App.Ct. 473 (2000); Sheriff of Suffolk County v. Contributory Retirement Appeal Board et al., 50 Mass.App.Ct. 1115 (2001).

In Gordon v. Sheriff of Suffolk County, 411 Mass. 238 (1991), the Sheriff's Department successfully defended a suit for declaratory and injunctive relief against implementation of the Budget Appropriation Act described *supra*, arguing that the transfer legislation did not violate the Home Rule Amendment. In Inmates of Suffolk County Jail, etc. v. Rouse et al., 129 F.3d 649 (1st Cir. 1997), the Suffolk County Sheriff sought to terminate, pursuant to the Prison Litigation Reform Act, all prospective relief under a modified 1979 consent decree which had from a pretrial detainees' class action challenging conditions of confinement.

The Suffolk County Sheriff's Department, then, is an entity amenable to suit. As Defendant Cabral is named in both her official and individual capacities, the Sheriff's Department is already a defendant in the above-entitled action, since "official capacity" suits "generally represent only another way of pleading

9

an action against an entity of which an officer is an agent."
See, Kentucky v Graham, 473 U.S. 159, 165-66 (1985); Monell v N.Y. Dept. of Social Services, 436 U.S. 658, 690, n 55.

**IV.    CONCLUSION**

For the foregoing reasons, all claims against the City Council of the City of Boston and Suffolk County should be dismissed, with prejudice.

>Respectfully submitted,
>DEFENDANTS, SUFFOLK COUNTY and CITY COUNCIL OF THE CITY OF BOSTON,
>
>Merita A. Hopkins
>Corporation Counsel
>
>By their attorney:
>
>_____
>James M. Chernetsky
>Assistant Corporation Counsel
>City of Boston Law Department
>Room 615, City Hall
>Boston, MA 02201
>(617) 635-4048
>BBO# 638152