Get a Document - by Citation - 1994 Mass. Super. LEXIS 311    Page 1 of 5

Case 1:04-cv-10418-MEL    Document 7-5    Filed 04/02/2004    Page 1 of 5

Service: **Get by LEXSEE®**
Citation: **1994 Mass. Super. LEXIS 311**

*1994 Mass. Super. LEXIS 311, \**

George C. Pantone v. Robert C. Rufo

91-1097-D

SUPERIOR COURT OF MASSACHUSETTS, AT MIDDLESEX

1994 Mass. Super. LEXIS 311

February 17, 1994, Decided

**DISPOSITION: [\*1]** Defendant's motion for summary judgment is ALLOWED.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant sheriff brought a motion for summary judgment in plaintiff inmate's action under 42 U.S.C.S. § 1983 and 28 U.S.C.S. § 1343(3), (4) on the grounds that the claims were barred by the statute of limitations.

**OVERVIEW:** The inmate instituted an action in which he alleged that the sheriff violated 42 U.S.C.S. § 1983 and 28 U.S.C.S. § 1343(3), (4) by forcing him to share razors with other inmates at the county jail and by failing to provide him with prescribed medication and liquids. The court allowed the sheriff's motion for summary judgment on the grounds that the inmate's claims were barred by the statute of limitations. The court concluded that the inmate's claim based upon his hepatitis was barred because it was filed beyond the three-year statute of limitations period under Mass. Gen. Laws ch. 260, § 2A. The inmate was on notice of facts that were sufficient to lead a reasonable person to know the basis of his claim at the latest by the date that a nurse provided him with information about the risk factors for contracting hepatitis, including the risk of sharing razors. The court determined that the inmate's claim for the alleged deprivation of medication and liquids was also barred. The claim for deprivation of medication and liquids accrued when the inmate was injured, and he did not file an action until after the statute of limitations period had run.

**OUTCOME:** The court allowed the sheriff's motion for summary judgment on grounds that the statute of limitations barred the inmate's claims.

**CORE TERMS:** hepatitis, razors, inmate, liquids, statute of limitations, discovery rule, medication, summary judgment, sharing, moving party, deprivation, triable issue, inherently, unknowable, three-year, questionnaire, contracted, diagnosed, realized, doctors, nurse, entitled to judgment, matter of law, demonstrating, defeat, tolled, statute of limitations period, contracting, reluctant, compazine

### LexisNexis (TM) HEADNOTES - Core Concepts - ✦ Hide Concepts

Civil Procedure > Summary Judgment > Burdens of Production & Proof
Civil Procedure > Summary Judgment > Summary Judgment Standard

Get a Document - by Citation - 1991 Mass. Super. LEXIS 311
Case 1:04-cv-10418-MEL   Document 7-5   Filed 04/02/2004   Page 2 of 5
Page 2 of 5

HN1 Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Mass. R. Civ. P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and further that the moving party is entitled to judgment as a matter of law. A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent's case or by demonstrating that proof of that element is unlikely to be forthcoming at trial. If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat the motion. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. More Like This Headnote

Torts > Procedure > Statutes of Limitations
Governments > Legislation > Statutes of Limitations > Time Limitations

HN2 The statute of limitations for tort actions is three years. Mass. Gen. Laws ch. 260, § 2A. An action in tort accrues when the plaintiff is injured. However, there is a well-established exception, the discovery rule, for causes of action based on an inherently unknowable wrong. Under the discovery rule, the cause of action accrues when the injured party knew, or in the exercise of reasonable diligence should have known, the factual basis for the claim. Under the discovery rule, the plaintiff bears the burden of showing facts which take his case outside the three-year statute of limitations. More Like This Headnote

Governments > Legislation > Statutes of Limitations > Tolling

HN3 The statute of limitations is not tolled because a plaintiff does not realize the full extent or gravity of his injury. More Like This Headnote

**JUDGES:** Neel.

**OPINIONBY:** NEEL

**OPINION:** MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff George Pantone alleges that defendant Robert Rufo, individually and as Sheriff of Suffolk County, violated 42 U.S.C. 1983 and 28 U.S.C. 1343(3), (4) by forcing plaintiff to share razors with other inmates at the Suffolk County Jail, and by failing to provide plaintiff with prescribed medication and liquids. Rufo now moves for summary judgment pursuant to Mass.R.Civ.P. 56, alleging that plaintiff's claims are barred by the statute of limitations. For the following reasons, defendant's motion is allowed.

FACTS

The facts, viewed in the light most favorable to Pantone, are as follows:

On or about June 22, 1987, Pantone was placed at the Suffolk County Jail as a pre-trial detainee. Jail officials told Pantone that no razors were allowed or sold in the Jail, and that the inmates had to share the razors that were provided by the Jail. Because Pantone was reluctant to share razors with other inmates, he chose clean-cut looking inmates, including one named Kenny, to share with; Pantone routinely washed the razors with boiling [*2] hot water and soap before using them.

Get a Document - by Citation - 1991 Mass. Super. LEXIS 311
Case 1:04-cv-10418-MEL    Document X-5    Filed 04/02/2004    Page 3 of 5
Page 3 of 5

Sometime after plaintiff shared razors with Kenny, Kenny became sick and was diagnosed with hepatitis. Pantone noticed that Kenny's skin and eyes looked yellow. A few weeks later, between October 16th and October 19th, Pantone began to suffer from the same symptoms that Kenny had suffered from--yellow skin and eyes, nausea, high fever, loss of appetite, vomiting, weakness and discoloration of his urine. On October 20th, doctors at Boston City Hospital (BCH) determined that plaintiff had viral hepatitis. On October 21st, Pantone was admitted to BCH where doctors repeatedly questioned him about how he had contracted hepatitis.

From October 23rd to October 26th, a nurse at BCH, Donna Caron, investigated plaintiff's hepatitis case. As part of her investigation, Caron interviewed plaintiff and asked him to answer a questionnaire about the risk factors for hepatitis. Plaintiff answered "no" to all the possible risk factors on the questionnaire except for No. 15, which stated "known to have other percutaneous exposures (needle stick, ear piercing, tattooing, skin test, acupuncture, shots, etc.)." Based on the information provided by Pantone, [*3] Caron concluded in her report that Pantone had contracted hepatitis from sharing razors with other inmates. On October 26, Caron provided Pantone with information about the risk factors for contracting hepatitis, including the risk of sharing razors.

On October 25, 1987, Pantone was transferred to the Suffolk County Jail Health Services Unit. Doctors at BCH instructed Jail officials to give Pantone compazine and assorted liquids. Jail officials delayed administration of these to plaintiff. On October 31, 1987, Jail officials gave plaintiff compazine. On or about November 10, 1987, after other liquids failed to be effective, Jail officials gave plaintiff beef broth which helped him to regain his strength. Plaintiff was discharged from the Health Services Unit later that month.

On December 19, 1990, Pantone was at the MCI-Shirley library where he read about hepatitis in The New Good Housekeeping Family Health and Medical Guide. After reading the Guide, plaintiff realized the severity of hepatitis, and realized that sharing razors at the Suffolk County Jail had likely caused his hepatitis. Pantone filed the complaint in this action February 14, 1991.

DISCUSSION

HN1 Summary [*4] judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. *Cassesso v. Commissioner of Correction*, 390 Mass. 419, 422, 456 N.E.2d 1123 (1983); *Community National Bank v. Dawes*, 369 Mass. 550, 553, 340 N.E.2d 877 (1976): Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, "and [further] that the moving party is entitled to judgment as a matter of law." *Pederson v. Time, Inc.*, 404 Mass. 14, 16-17, 532 N.E.2d 1211 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent's case or "by demonstrating that proof of that element is unlikely to be forthcoming at trial." *Flesner v. Technical Communications Corp.*, 410 Mass. 805, 809, 575 N.E.2d 1107 (1991); accord, *Kourouvacilis v. General Motors Corp.*, 410 Mass. 706, 716, 575 N.E.2d 734 (1991). "If the moving party establishes the absence of a triable issue, the party opposing the motion must [*5] respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion." *Pederson*, supra, 404 Mass. at 17. "The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment." *LaLonde v. Eissner*, 405 Mass. 207, 539 N.E.2d 538 (1989).

HN2 The statute of limitations for tort actions is three years. G.L.c. 260, 2A. An action in tort accrues when the plaintiff is injured. *Dinsky v. Framingham*, 386 Mass. 801, 803, 438 N.E.2d 51 (1982). However, there is a well-established exception, the discovery rule, for causes of

action based on an inherently unknowable wrong. *Id*. Under the discovery rule, the cause of action accrues when the injured party knew, or in the exercise of reasonable diligence should have known, the factual basis for the claim. *Id*. Under the discovery rule, the plaintiff bears the burden of showing facts which take his case outside the three-year statute of limitations. Franklin v. Albert, 381 Mass. 611, 619, 411 N.E.2d 458 (1980); Friedman v. Jablonski, 371 Mass. 482, 487, 358 N.E.2d 994 (1976).

For purposes of this **[*6]** motion the court will assume that the cause of plaintiff's hepatitis was an inherently unknowable wrong, and that the discovery rule applies. Even so, the record establishes that plaintiff was on notice of facts sufficient to lead a reasonable person to know the basis of his claim at the latest by October 26, 1987. Well before plaintiff was diagnosed with hepatitis on October 20, 1987, plaintiff knew enough about the risk of contracting a disease from sharing razors that he was reluctant to share razors with the other inmates. Plaintiff shared razors with an inmate who contracted hepatitis approximately two weeks before plaintiff was diagnosed with hepatitis; plaintiff observed the inmate's symptoms at the time. Between October 23, 1987 and October 26, 1987, plaintiff answered "no" to all possible risk factors for hepatitis listed on Nurse Caron's questionnaire except one, as to which he said that he had shared razors. On or about October 26, 1987, when Nurse Caron concluded her investigation, she advised Pantone of the risk factors for hepatitis, and the risk of sharing razors.

If plaintiff's claim accrued as late as October 26, 1987, the three-year statute of limitations period **[*7]** expired October 26, 1990. Plaintiff's complaint, filed February 14, 1991, was filed approximately four months beyond the permissible statutory period.

Plaintiff alleges that the statute of limitations was tolled until December 20, 1990, when he read the article about hepatitis and realized the severity of the disease. It is well established that ᴴᴺ³ the statute of limitations is not tolled because the plaintiff does not realize the full extent or gravity of his injury. Gore v. Daniel O'Connell's Sons, Inc., 17 Mass. App. Ct. 645, 649, 461 N.E.2d 256 (1984).

Plaintiff's claims arising from the alleged deprivation of medication and liquids are also subject to the same three-year statute of limitations. See G.L.c. 260, 2A. However, unlike the cause of plaintiff's hepatitis, deprivation of medication and liquids is not an inherently unknowable wrong, and therefore the discovery rule does not apply. Accordingly, plaintiff's claim for deprivation of medication and liquids accrued when plaintiff was injured. *Dinsky*, *supra* 386 Mass. at 803. Plaintiff was injured by the alleged delay in administration of liquids and medication in October and November, 1987. Plaintiff did not **[*8]** file this action until February 14, 1991, approximately three months after the statute of limitations period had run as to that injury. Therefore, plaintiff's claims stemming from the deprivation of medication and liquids must also fail.

ORDER

For the foregoing reasons, it is hereby ORDERED that defendant's motion for summary judgment is ALLOWED.

Service: **Get by LEXSEE®**
Citation: **1994 Mass. Super. LEXIS 311**
View: Full
Date/Time: Monday, November 17, 2003 - 12:52 PM EST

Get a Document - by Citation - 1994 Mass. Super. LEXIS 311 Page 5 of 5

Case 1:04-cv-10418-MEL Document 7-5 Filed 04/02/2004 Page 5 of 5

Copyright © 2003 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.