UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Stephen Scanlon,<br>　　Plaintiff<br><br>　　v.<br><br>ANDREA J. CABRAL, individually<br>and in her capacity as Sheriff of<br>Suffolk County, THE COUNTY OF<br>SUFFOLK, and THE CITY<br>COUNCIL OF THE CITY OF<br>BOSTON | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 04-10418-MEL

## DEFENDANT ANDREA J. CABRAL'S ANSWER TO THE PLAINTIFF'S COMPLAINT

Now comes the above named Defendant, and answers the specifically numbered paragraphs of the Plaintiff's Complaint as follows.

### Introduction

These paragraphs are introductory in nature and require no response.

### Jurisdiction

1.    This paragraph states a conclusion of law to which no response is required.

### Parties

2.    Defendant admits plaintiff was employed from September 11, 1991 until November 14, 2003, and that he worked in the following positions: corrections/jail officer, Investigator and Senior Investigator.  Defendant is without sufficient information to either admit or deny the remaining allegations of ¶ 2.

3.    Admitted.

4.     Admitted.

5.     Defendant is without sufficient information to either admit or deny the
       allegations of ¶ 5.

**Facts**

6.     Admitted.

7.     Defendant admits that the plaintiff was hired on September 11, 1991 and that
       he was terminated on November 14, 2003.

8.     Defendant admits the plaintiff's responsibilities as Senior Investigator
       included investigating possible violations of the law, both internal and
       external to the Sheriff's Department, and attempting to apprehend escaped
       inmates and other persons.  Defendant is without sufficient information to
       either admit or deny the remaining allegations of ¶ 8.

9.     Defendant admits that the Department notified plaintiff's attorney on
       November 10, 2003 that it had concluded its investigation into the events of
       October 14th and 15th of 2003.  The letter cited numerous departmental
       policies that the plaintiff had violated by his lack of good judgment, excessive
       consumption of alcoholic beverages, assaultive and abusive behavior towards
       the public and others, and his arrest by the Boston Police for assault and
       battery and threats.  The letter also stated that if plaintiff waived a hearing, he
       would be terminated effective November 14, 2003.  Defendant admits the
       plaintiff requested a pre-termination hearing.

10.    Defendant admits that Viktor Theiss and plaintiff's attorney each made an
       oral presentation to Director of Personnel Richard Tranfaglia, who served as

the Hearing Officer.  Defendant admits that cross-examination of Viktor

Theiss was not allowed, but denies the remaining allegations of ¶ 10.

11.   The Defendant admits the plaintiff was terminated via letter on November 14,

2003, but denies the remaining allegations of ¶ 11.

12.   Defendant is without sufficient information to either admit or deny the

allegations of ¶ 12.

13.   Defendant is without sufficient information to either admit or deny the

allegations of ¶ 13.

14.   Defendant states that it provided a pre-termination hearing to the plaintiff on

November 13, 2003.

15.   Defendant is without sufficient information to either admit or deny the

allegations of ¶ 15.

16.   [omitted from Complaint]

17.   Defendant states that on December 12, 2003, a check in the [net] amount of

$2,657.57, representing 112.25 hours of credit and comp time, was mailed to

the plaintiff, at the address on record with the department's Personnel

Division.  Answering further, Defendant states that on April 2, 2004, a check

in the [net] amount of $ 3957.60 was mailed to plaintiff at his address of

record.  This check represents payment for the 167.16 hours of vacation time

the plaintiff had as of November 14, 2003.

18.   Defendant is without sufficient information to either admit or deny the

allegations in ¶ 18.

## CAUSES OF ACTION

### Count I
### Denial of Procedural Due Process

Denied.

### Count II

### MASSACHUSETTS STAT. 1960, C. 135

Denied.

### Count III

### VIOLATION OF SUBSTANTIVE DUE PROCESS

Denied.

### Count IV

### MASSACHUSETTS GENERAL LAW CHAPTER 149, § 148 and 150

Denied.

### Count V

### UNPAID OVERTIME COMPENSATION UNDER SATE LAW

Denied.

### COUNT VI

### UNPAID OVERTIME COMPENSATION UNDER THE FAIR LABOR STANDARDS ACT

Denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim for which relief may be granted.

2. The plaintiff, as a *Senior Investigator*, was not entitled to the protections of Chapter 135 of the Acts of 1960.

3. To the extent that M.G.L. c. 35 § 51 applies to the plaintiff,[1] Defendant Cabral provided an adequate pre-termination hearing.

4. To the extent that M.G.L. c. 35 § 51 applies to the plaintiff, Defendant Cabral had no control over the City Council's decision not to afford the plaintiff a hearing.

5. To the extent that M.G.L. c. 35 § 51 does not apply to the plaintiff, he did not have a state created liberty interest in his continued employment.

6. Defendant Cabral is entitled to the defense of qualified immunity.

7. The hearing provided to the plaintiff on November 13, 2003 was Constitutionally adequate.

8. The plaintiff was an employee at-will.

9. As a management level, professional employee, the plaintiff was exempt from the overtime provisions of state and federal law.

10. The plaintiff has failed to exhaust his administrative remedies.

Respectfully submitted for
DEFENDANT Andrea J. Cabral
By her attorney,

DATE:        4/7/04

James M. Davin, BBO # 566973
Deputy General Counsel
Suffolk County Sheriff's Dept.
200 Nashua Street
Boston, MA 02114
(617) 989-6679

**Certificate of Service**

I hereby certify that I have served a true copy of the above *Answer* to all counsel of record, by first class mail, postage prepaid, on April 7, 2004.

James M. Davin

---

[1] Defendants Suffolk County and the Boston City Council have filed a motion to dismiss maintaining, inter alia, that M.G.L. c. 35 § 51 does not apply to employees of the Sheriff's Department.