UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-10418-MEL

| | |
|---|---|
| STEPHEN SCANLON, | ) <br> ) <br> ) |
| Plaintiff | ) <br> ) |
| v. | ) <br> ) |
| ANDREA J. CABRAL, individually and in her capacity as Sheriff of Suffolk County, THE COUNTY OF SUFFOLK, and the CITY COUNCIL OF THE CITY OF BOSTON | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants | ) <br> ) <br> ) |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT
CITY COUNCIL OF BOSTON'S MOTION TO DISMISS**

I.  **INTRODUCTION**

This is an action brought by a former Senior Investigator for the Suffolk County Sheriff's Department. He served the Department for twelve years with an unblemished record and a long history of accomplishment and commendations. On November 14, 2003, he was terminated after a Constitutionally inadequate, brief hearing at which he was not permitted to present or cross examine witnesses or produce other evidence and was not notified of his appeal rights. When he requested from the Defendant City Council of the City of Boston ("City Council") the post-discharge hearing that is constitutionally required and that state law requires that counties provide their employees, his request was denied, and he was told he had no right to any further hearing.

1

Plaintiff filed suit against the Suffolk County Sheriff's Department, Suffolk County, and the City Council of the City of Boston on the basis of his statutory and Constitutional right to a full evidentiary hearing on the merits of his discharge as well as on the basis of state and federal wage statues. Among the remedies he seeks is an injunction ordering the City Council to provide him this hearing.

Two defendants, Suffolk County and the City Council, have filed a joint motion to dismiss on the grounds that the Sheriff of Suffolk County has the responsibility for supervising employees in the Plaintiff's position. This motion should be denied with respect to the City Council because the City Council is the body responsible for providing the relief sought by the Plaintiff and because the Plaintiff's claims against Suffolk County involve legal questions concerning the propriety of the City Council's actions towards the Plaintiff and the scope of the City Council's duties.

## II. ARGUMENT

### A. The Boston City Council is appropriately joined under FRCP 20(a).

The joinder of defendants to a cause of action is governed by Rule 20(a) of the Federal Rules of Civil Procedure which states, in part,

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

FRCP 20(a). These requirements are interpreted liberally; as the Supreme Court has held,

> Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.

*United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). In the case at hand, the Plaintiff seeks a hearing from the City Council, the right to which arises from his termination by the Sheriff of Suffolk County. Both this demand and his claim against the Sheriff raise, among other legal issues, the Plaintiff's right to procedural due process, the propriety of the City Council's decision not to grant him a hearing, and the scope of the City Council's duties in such cases.

**B.     The City Council will be responsible for providing the relief sought by the Plaintiff.**

The Plaintiff seeks a court order requiring the City Council to provide him a hearing on the grounds for his termination. A government official is properly joined as a party to an action where he or she "may be a person through whom the requested relief can be achieved." *Clarkson v. Coughlin*, 783 F.Supp. 789, 796-97 (S.D. N.Y. 1992). Where there is "a sufficient enough nexus between [the official's] activities and the relief sought" that person is a proper defendant under Rule 20(a). *Id.* Joinder is proper even where relief may also be obtained through another party to the case. *Id.*

For example, in *Clarkson*, the court held that the particular subordinate officials who "may be responsible for providing the relief requested" were properly joined in a suit against the New York Department of Correctional Services regarding its treatment of hearing-impaired inmates. *Id.* Similarly, in

3

*Fury v. County Court of Wood County*, employees of the County Clerk and Sheriff of Wood County sued these officials for violations of the Fair Labor Standards Act. *Fury v. County Court of Wood County*, 608 F.Supp. 198, 199 (S.D. W.Va. 1985). The court allowed joinder of the County Commission and its Commissioners as defendants, even though they were not the employers of the plaintiffs, and even though they were not responsible for the violations alleged, because the Commission would have to appropriate any funds to pay the wages ordered by the court. *Id.* at 200-01.

In the case now before this court, it is the City Council of the City of Boston that will be responsible for administering the relief requested by the Plaintiff. M.G.L. c. 35 §§ 51, 56. Under Section 56, the City Council is responsible for performing the duties of the Personnel Board of Suffolk County, which include administering termination hearings for County personnel. *Id.*

The Defendants rely upon the provisions of the 1991 Act that removes employees of the Sheriff from coverage under G.L. c. 35. <u>Defendants' Memorandum of Law</u> at 2, 6, *citing* Mass. Acts 1991 § 363. However, the 1991 legislation did not eliminate the City Council's responsibility to serve as the appellate body when there are challenges to personnel actions taken by Suffolk County.[1] Furthermore, the 1991 Act did not repeal Section 56 which gives the

---

[1] Contrary to the Defendants' suggestions, Suffolk County has not been abolished and continues to have legal responsibilities with respect to the Sheriff's Department and its employees. *See* Defendants' Memorandum at 3-4. The statutes cited by the Defendants did not abolish Suffolk County. First, M.G.L. c. 34B § 1 abolished five counties *not* including Suffolk County; in the case of Suffolk County only the registry of deeds was transferred to the Commonwealth. M.G.L. c. 34B § 1(e). Nor did the Act of 1991 cited by the Defendants eliminate the County's role as employer. Mass. Acts of 1991, c. 138 §§ 362-63. Rather it made "all employees of the penal institutions department, of the city of Boston" "subject to the supervision and control of the sheriff of Suffolk county." *Id.* The Supreme Judicial Court, in analyzing the impact of this Act held that "Deer Island exists, and functions as, a county facility." *Gordon v. Sheriff*

City Council the authority to conduct termination hearings for Suffolk County employees. Indeed, it makes no reference either to the City Council or to Section 56. *Contrast* Mass. Acts of 1991, c. 138 § 363(c) *with* Defendants' Motion to Dismiss at p. 6. Thus, the City Council is still the body with the statutory responsibility for providing termination hearings for Suffolk County employees. Since this is precisely what the Plaintiff is demanding, the City Council "may be responsible for providing the relief requested" in this case and it should therefore remain a party. *Clarkson, supra.*, 783 F.Supp. at 796-97.

The 1991 provisions cited by the Defendants remove the affected employees from the coverage of various Chapters of the Massachusetts General Laws which set forth constitutionally-required due process mechanisms for terminations. Mass. Acts of 1991 § 363(c) ("positions transferred to the sheriff of Suffolk county . . . shall not be subject to" M.G.L. c. 35 and other chapters). No substitute is provided: the Sheriff is responsible for creating the guidelines governing terminations, but the Act does not specify who will conduct due process termination hearings. *Id.* Although it fails to provide authority to any body to provide due process to affected employees, the Act does not extinguish their property rights in their continued employment: it specifies that the Sheriff must create guidelines concerning terminations, and it sets forth the

---

*of Suffolk County*, 411 Mass. 238, 245 (1991). The Court held that "although certain matters pertaining to employees at the Suffolk County house of correction are handled by and through the city of Boston," the drafters had in mind a number of roles which the County played in administering its correctional programs. *Id.* at 241-42.

5

requirements for employees to achieve "permanent status."[2] Mass. Acts of 1991 § 363(a), (b) and (c).

The United States Supreme Court has held that a state may not legislatively define away the due process rights associated with public employment, even in the very statute which creates the employee's property right in continued employment. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 541 (1985)("*Loudermill*"). If an employee has an expectation of continued employment, the state must provide him or her with a constitutionally adequate hearing within a reasonable time after termination. *Id.* Yet, for employees in the Plaintiff's position, the 1991 Act does precisely what *Loudermill* prohibits: it eliminates not their property right in continued employment but the due process protections for that right. *Contrast Loudermill, supra,* with Mass. Acts of 1991 § 363(c). Therefore, *someone* must provide the Plaintiff with a due process hearing on the merits of his termination. No body has a clear statutory mandate to provide such a hearing to the Plaintiff, but the City Council at least has the authority to do so for Suffolk County employees, making it the most logical candidate to provide the remedy in this case. M.G.L. c. 35 § 56. In addition, due process requires a hearing before a neutral body, which precludes the Sheriff from providing the remedy in this case. *Riggins v. University of Nebraska*, 790 F.2d 707, 712 (8th Cir. 1986). Thus, dismissing the City Council will severely hamper the court in its attempt to resolve the constitutional quandary created by

---

[2] The Plaintiff will also show that he has a property right in his continued employment arising from the day-to-day interactions between himself and his employer which created a reasonable expectation of his continued employment. *See, e.g. Perry v. Sinderman*, 408 U.S. 593 (1972).

6

the 1991 Act. Therefore, the City Council should remain a party to this case. Clarkson, supra., 783 F.Supp. at 796-97; Fury, supra, 608 F.Supp. at 199.

**C. The Plaintiff's claim against the City Council arises from the same series of occurrences as his claim against the Sheriff.**

The City Council does not contest in its motion that the claims made against it by the Plaintiff arise from the "same transaction, occurrence, or series of transactions or occurrences" as his claims against the Sheriff: his termination by the Sheriff and the Council's subsequent refusal to provide a hearing on that termination.

**D. The Plaintiff's claim against the Sheriff raises questions of law implicating the actions and duties of the City Council.**

Finally, the Plaintiff's claims against the Sheriff and the City Council raise common questions of law. A governmental body should be joined in an action where "there is a sufficient enough nexus between [its] duties and the questions of law involved." Clarkson, supra., 783 F.Supp. at 796. For example, where a case raises the legal question of whether an agency made a correct determination, that agency should be joined even if relief is sought from a different party. Housing Authority of the City of Jersey City v. Jackson, 749 F.Supp. 622, 627-28 (D. N.J. 1990)(Department of Housing and Urban Development joined in eviction suit between local housing authority and tenant, where tenant claims local Department-approved eviction hearing was inadequate). Similarly, if the resolution of a dispute between two private parties requires a determination of the scope of the authority of a governmental body, that body should be joined even over its objection, and even though relief is

sought only from the private party. *Cable TV Fund 14-A v. Property Owners Association Chesapeake Ranch Estates, Inc.*, 706 F.Supp. 422, 430-32 (D. Md. 1989).

As discussed above, the Plaintiff in this case seeks to challenge the decision of the City Council not to provide him a post-termination hearing on the grounds that this decision violated the Plaintiff's right to procedural due process. See Plaintiff's Complaint, Counts I, III; *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 541 (1985). Therefore, the City Council should be a party to this case. *Housing Authority of the City of Jersey City, supra.*, 749 F.Supp. at 627-28. In addition, as discussed above, the Plaintiff seeks a determination that the City Council is the most appropriate body to provide him with a constitutionally-required post-termination hearing. Plaintiff's Complaint, Counts I, III and Prayer for Relief 1. Thus, the Plaintiff seeks a determination of the scope of the City Council's duties, and the Council should remain a party. *Cable TV Fund 14-A, supra.*, 706 F.Supp. at 430-32. Either of these legal issues creates a sufficient nexus between the City Council and the issues in this case to warrant the City Council's inclusion under FRCP 20(a). *Clarkson, supra.*, 783 F.Supp. at 796.

### E.     Suffolk County.

The Plaintiff consents to the elimination of Suffolk County as a party to the instant suit.

## III.     CONCLUSION

Thus, the Plaintiff in this case seeks relief in the form of a hearing by the City Council, challenges the City Council's refusal to provide him a hearing, seeks a determination of the scope of the City Council's duties in this regard, and challenges the constitutionality of the law upon which the City Council relied in denying him a hearing. For these reasons, the City Council is a fully appropriate party to this case, well within the expansive scope of Rule 20(a). *United Mine Workers of America, supra.*, 383 U.S. at 724. For these reasons, the motion of Defendants Suffolk County and City Council of the City of Boston to dismiss should be DENIED with respect to the Defendant CITY COUNCIL OF THE CITY OF BOSTON.

Respectfully submitted,

STEPHEN SCANLON,

By his attorneys,

David Rome, BBO # 426400
Catherine A. Highet, BBO #157407
PYLE, ROME, LICHTEN
    & EHRENBERG, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200

Dated:     May 11, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all counsel of record by first class mail, postage prepaid, on May 12, 2004.

_____
Catherine A. Highet