UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Stephen Scanlon,<br>    Plaintiff<br><br>    v.<br><br>ANDREA J. CABRAL, individually<br>and in her capacity as Sheriff of<br>Suffolk County, THE COUNTY OF<br>SUFFOLK, and THE CITY<br>COUNCIL OF THE CITY OF<br>BOSTON | Civil Action No. 04-10418-MEL |

**DEFENDANT ANDREA J. CABRAL'S RESPONSE TO MEMORANDUM OF STEPHEN SCANLON IN FURTHER SUPPORT OF OPPOSITION TO MOTION TO DISMISS**

**Introduction**

This action was brought by Stephen Scanlon against Sheriff Andrea Cabral, the County of Suffolk and the City Council for the City of Boston to challenge the process he was afforded prior and subsequent to his November 14, 2003 termination as an investigator with the Suffolk County Sheriff's Department. Defendant City Council moved to dismiss the complaint in part based on certain provisions of legislation enacted in 1991 to transfer control of the Suffolk County House of Correction from the Penal Commissioner of the City of Boston to the Sheriff of Suffolk County. See 1991 Mass. Acts c. 138 §§ 361 – 363 ("the transfer legislation"). In his memorandum in further support of plaintiff's opposition to Defendant City Council's Motion to Dismiss, plaintiff challenges the constitutionality of the so called transfer legislation to the extent that it "denies him a post termination hearing before a neutral fact finder, one that includes the ability to present or cross examine witnesses, produce evidence, and receive notification of appeal rights . . .."

It is Defendant Cabral's position that the Court cannot simply accept plaintiff's bald assertion that he had a property interest in his position as a senior investigator that would have required the Sheriff or the City Council to provide him with any more process than the pre-termination hearing he received.[1]  This may well be a different case had the plaintiff remained employed as a corrections officer throughout his career, but he did not. As will be discussed below, he was transferred from a position as a corrections officer to that of a jail officer, to that of an investigator, reclassified into a management position of investigator, and ultimately promoted to a higher management position of senior investigator.  His management positions in the investigative division were outside the scope of any collective bargaining agreement, any provision of the civil service law, Chapter 135 of the Acts of 1960, and M.G.L. c. 35 § 51.  In short, he was an at will management employee, who did not have a property interest in continued employment, and is not entitled to a post termination hearing before any body.

**Scanlon's History with the Suffolk County Sheriff's Department**

Stephen Scanlon was hired as a corrections officer (CO-1) on September 11, 1991, *subsequent to* the effective date of the transfer legislation discussed above.  He was therefore never an employee of the Penal Institutions Department, nor was he ever covered by M.G.L. c. 31 – the Massachusetts Civil Service Statute.  He was also never eligible for the protections of M.G.L. c. 35 § 51, as the transfer legislation enacted prior to his first date of employment provides that said statute is no longer applicable to sheriff's department employees.  Once Scanlon had completed a sufficient number of years of service as a corrections officer, he would

---

[1] Defendant acknowledges that the instant Response includes information not included in the Plaintiff's Complaint. It is not provided in support of any motion of Defendant Cabral, but rather to enlighten the Court in considering plaintiff's position on the constitutionality of the 1991 transfer legislation as applied to him.

2

have been eligible for the protections of Chapter 135 of the Acts of 1960.[2]  After he passed a probationary period, Scanlon was, however, covered by a collective bargaining agreement between the County and his union, AFSCME Council 93 Local 419.[3]

Scanlon was promoted to the rank of Corporal or Specialist (JO-2) on or about January 25, 1995.  This promotion involved a transfer from the Suffolk County House of Correction to the Nashua Street Jail.  It also involved a transfer to a different collective bargaining unit, as he was now covered by the contract between Suffolk County and AFSCME Council 93, Local 1134.[4]

On or about October 14, 1998, Scanlon received a temporary promotion (and a significant increase in salary) to an investigator position (SC-17).  This position was governed by a collective bargaining agreement between Suffolk County and the Service Employees International Union, Local 285.[5]  Significantly, however, he was no longer eligible for the protections of Chapter 135 of the Acts of 1960, as an investigator is not one of the positions listed in the statute that is entitled to its protections.[6]

---

[2] This statute which had previously covered certain employees of the Nashua Street Jail was made applicable to certain House of Correction employees through 1991 Mass. Acts c. 138 § 361.  It states, in pertinent part:
> *Any person employed in the Suffolk county jail in the office or position of chief officer, assistant chief officer steward, assistant chief officer administrator, assistant chief officer hospital supervisor, assistant chief officer, jail officer, jail officer clerk, jail officer electrician, jail officer photographer, jail officer receiver, jail officer storekeeper, jail officer assistant steward, jail officer chief officer plant engineer, jail officer engineer, jail officer steam fireman, head clerk, chief matron, assistant chief matron, matron and female nurse, whose office or position, in the service of said county, is not classified under chapter thirty-one of the General Laws, and who has held such office or position for not less than seven years, shall not be involuntarily separated from such office or position except subject to and in accordance with the provisions of sections forty-three and forty-five of said chapter thirty-one to the same extent as if the said office or position were classified under said chapter.*

[3] This contract contained a provision requiring "just cause" for the imposition of discipline, as well as the right to challenge discipline through a grievance and arbitration procedure.

[4] This contract contained a "just cause" and arbitration provision similar to that in the Local 419 agreement.

[5] This contract also contained a "just cause" and arbitration provision.

[6] Where Scanlon was first hired on September 11, 1991 and promoted to SC-17 on or about October 14, 1998, he had only been covered by this statute for one month at most.  He was arguably never covered by it as he had not been in the position of JO-2 for seven years.

On or about August 18, 2001, Scanlon's position was reclassified to that of management (MM-6), with another increase in salary. He was no longer covered by any collective bargaining agreement or Chapter 135 of the Acts of 1960.

Lastly, Scanlon was promoted to the position of MM-7 (with another salary increase) on or about March 3, 2003. This position was also not covered by any collective bargaining agreement or Chapter 135 of the Acts of 1960.

**Discussion**

Plaintiff acknowledges in his Memorandum that the 1991 transfer legislation removed future employees of the Sheriff's Department (which included Scanlon) from coverage under M.G.L. c. 35 § 51 (See Memorandum at p. 3). Any property interest he may have, therefore, must lie elsewhere.

"Under Massachusetts law, at-will employees do not have a property interest in their jobs. *See Ossinger v. City of Newton,* 26 Mass.App.Ct. 831, 834, 533 N.E.2d 228 (1989) (citing *Bishop,* 426 U.S. at 344-47, 96 S.Ct. 2074); *see also Ventetuolo v. Burke,* 596 F.2d 476, 481 (1st Cir.1979) ("A constitutionally protected property interest has not been recognized where the employee serves at the will and pleasure of the public employer."). A statute may confer a fixed tenure, the right to a pre-termination hearing, a "just cause" standard for dismissal, or other indicia of protected status. *See Massachusetts Coalition of Police, Local 165, AFL-- CIO v. Town of Northborough,* 416 Mass. 252, 253-55, 620 N.E.2d 765 (1993). Absent such evidence, "[p]ublic employees who do not possess tenure or civil service status do not have a right to notice or a hearing before discharge." *Ruggieri v. City of Somerville,* 10 Mass.App.Ct. 43, 45, 405 N.E.2d 982 (1980). When there is no statute requiring a town to state its reasons for discharge or hold a hearing prior to termination, a town may discharge even a regular police

officer "at their pleasure." *Stetson v. Board of Selectmen,* 369 Mass. 755, 759-760, 343 N.E.2d 382 (1976) (noting that "[t]he plaintiff has no property interest in employment as a police officer by the town" because the applicable state law "permits the town's selectmen to discharge a police officer at their pleasure")." Ziskend v. O'Leary, 79 F.Supp.2d 10, 14 (D.Mass. 2000).

One possible source of a state created property interest is Chapter 135 of the Acts of 1960, which the legislature amended through the transfer legislation and made applicable to certain employees at the Suffolk County House of Correction. A clear reading of the statute, however, indicates that the positions of *Investigator* and *Senior Investigator* at the Suffolk County Jail are not covered by the statute.

Plaintiff's argument about the Legislature's intent in drafting the transfer legislation is unpersuasive. First, the discussion about the impact of the transfer legislation on existing Deer Island employees is unavailing because Scanlon was not a Deer Island employee at that time. He was hired *after* the Legislature removed such employees from the coverage of the civil service laws and from M.G.L. c. 35 § 51. At the time Scanlon was hired, his state created property interests were governed by Chapter 135 of the Acts of 1960. That intent is crystal clear. Scanlon had the additional protections afforded by the collective bargaining agreement that covered corrections officers at that time.[7]

As the plaintiff noted in his memorandum, the case of Correction Officers Local 419 v. Weld, 768 F.Supp. 397, 398 (D.Mass. 1991), the transfer legislation was deemed constitutional where other statutes provided "*some* of the members with similar protection." (emphasis added). Although plaintiff claims correctly that Chapter 135 of the Acts of 1960 conferred a property interest upon Scanlon as a corrections officer, his contention that such a property interest existed

---

[7] He had no such protections at the time of his termination because his management position as a Senior Investigator was not covered by any collective bargaining agreement.

in his position as an investigator is not supported by a plain reading of the statute, and plaintiff provides no independent support for this specious premise.

The plaintiff's argument that the transfer legislation created a property interest by requiring that all future terminations be made in accordance with guidelines promulgated by the Sheriff is also unpersuasive. There is no indication in this language that the Sheriff was required to promulgate guidelines that afforded any employee, let alone a management level employee, the right to be discharged only for just cause, and plaintiff does not identify any such internal Sheriff's Department regulation.

Lastly, the plaintiff mistakenly argues that the transfer legislation is unconstitutional because it removed employees from the coverage of M.G.L. c. 35 § 51 but "provided no substitute provision for the elimination of these mechanisms for Suffolk County penal employees…," and that it "fails to delegate authority to any body to provide due process to affected employees…" (Memorandum at p.9). The substitute expressly provided by the Legislature is Chapter 135 of the Acts of 1960, and, for covered employees, this statute provides that the Civil Service Commission is a body authorized to provide post termination hearings. See Footnote 2 *infra* and M.G.L. c. 31 §§ 43, 45.

**Conclusion**

Plaintiff's due process claim is based on the faulty premise that he had a cognizable property interest in his position as a *Senior Investigator* with the Suffolk County Sheriff's Department. This is a position that was not covered by any collective bargaining agreement or by any statute of the Commonwealth of Massachusetts that required just cause or the like prior to his termination, including M.G.L. c. 31, M.G.L. c. 35 § 51, and Chapter 135 of the Acts of 1960.

The plaintiff was an at-will management employee and is not entitled to a post termination hearing. Although not constitutionally required, he was afforded a pre-termination hearing at which he was notified of the allegations made against him and provided an opportunity to respond to said allegations.

The application of the transfer legislation to preclude the plaintiff of a hearing before the Boston City Council is not unconstitutional.

                Respectfully submitted for DEFENDANT
                Andrea J. Cabral
                By her attorney,

DATE:     December 6, 2004          /s/_____
                James M. Davin, BBO # 566973
                Deputy General Counsel
                Suffolk County Sheriff's Dept.
                200 Nashua Street
                Boston, MA 02114
                (617) 989-6679