UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10418-MEL

STEPHEN SCANLON,
    Plaintiff,

v.

ANDREA J. CABRAL, individually and in her capacity as Sheriff of Suffolk County, SUFFOLK COUNTY, and the CITY COUNCIL OF THE CITY OF BOSTON,
    Defendants.

**DEFENDANT CITY COUNCIL OF THE CITY OF BOSTON'S RESPONSE TO PLAINTIFF'S MEMORANDUM IN FURTHER SUPPORT OF OPPOSITION TO MOTION TO DISMISS.**

NOW COMES the City Council of the City of Boston, Defendant in the above-entitled action (hereinafter, "the City Council"), and hereby responds to the Plaintiff's *Memorandum in Further Support of Opposition to Motion to Dismiss* (Docket Item No. 15).

**INTRODUCTION**

The Plaintiff alleged in his *Complaint* that he was employed by the Suffolk County Sheriff's Department as a Corrections Officer and Investigator from September 11, 1991, until November 14, 2003. (*Complaint*, para. 2,6). He further alleged that he was wrongfully terminated by Defendant Cabral (hereinafter, "the Sheriff") without adequate pre-or-post-termination hearings. (Id., at para 7, 10, 14). He brings causes of action against all defendants for violations of the procedural and substantive due process requirements of the

Fourteenth Amendment to the United States Constitution (Counts I and III); for violations of the Fair Labor Standards Act and state law relating to unpaid overtime, vacation and compensation time (Counts IV, V and VI); and, for violation of his right not to be terminated without just cause, pursuant to Mass. Stat. 1960, c. 135. (Count II).

The City Council filed a *Motion To Dismiss* (Docket Item No. 6), which was heard by the Court on August 5, 2004. At the hearing, the Court requested further briefing from the Plaintiff concerning arguments advanced by him relating to the constitutionality of St. 1991, ch. 138, §§ 362 and 363, which statute formed one of the primary bases for the City Council's *Motion to Dismiss*. Plaintiff filed its *Memorandum in Further Support of Opposition to Motion to Dismiss* on October 29, 2004, to which the City Council now responds.

**APPLICABLE STANDARD**

St. 1991, ch. 138, §§ 362 and 363 (hereinafter, "the 1991 Legislation") transferred supervision and control of penal employees and others within the Suffolk County House of Correction from the City of Boston's Penal Institutions Department to the Sheriff of Suffolk County, and also exempted those transferred employees from the provisions of G.L. c. 30, sections 9A or 9B, c. 31, and c. 35, sections 51 and 56 (each of which concerns termination of employees).

The 1991 Legislation in question is legislation "adjusting the burdens and benefits of economic life," and is to be reviewed with a presumption of constitutionality. Correction Officers Local 419 v.

2

Weld, 768 F. Supp. 397, 399 (D. Mass. 1991).  The burden lies with one complaining of a due process violation to establish that in enacting the legislation, the legislature has acted in an arbitrary and irrational way. Id.

> "Substantive due process doctrine does not protect individuals from all governmental actions that infringe liberty or injure property in violation of some law.  Rather, substantive due process prevents 'governmental power from being used for purposes of oppression,' or 'abuse of government power that shocks the conscience,' or action that is 'legally irrational and that it is not sufficiently keyed to any legitimate state interests." Id.

**ARGUMENT**

1. **The 1991 Legislation Did Not Deprive The Plaintiff Of Any Enforceable Property Interest, As He Was Hired Subsequent To Its Enactment And Had No Reasonable Expectation At Hire That He Was Entitled To The Protections He Now Seeks.**

As a threshold issue, this Court need not consider whether the 1991 Legislation violated substantive due process doctrine, because the Plaintiff is not a person who has been deprived of any enforceable property interest by the 1991 Legislation, and therefore lacks standing to challenge its constitutionality.

The Plaintiff concedes at page three of his Memorandum that he was hired *subsequent to* enactment of the legislation in question.  The legislation, therefore, can hardly be said to have in and of itself deprived the Plaintiff of any property interest, since the Plaintiff possessed none at the time of its enactment.  As noted by the Plaintiff, an enforceable property interest can exist only where an employer has granted some form of guarantee, by statute or contract. Bishop v. Wood, 426 U.S. 341 (1976), cited at p. 4 of

3

*Plaintiff's Memorandum*.  "Whether such a guarantee has been given can be determined only by an examination of the particular statute or ordinance in question."  Id., at 345. At the time of the Plaintiff's hire, the 1991 Legislation had already unambiguously exempted subsequent hires such as the Plaintiff from the protections the Plaintiff now seeks to enforce ("...positions transferred to the sheriff of Suffolk county and any successor positions filled or created subsequent to such transfer, shall not be subject to the provisions of sections nine A or nine B of chapter thirty, chapter thirty-one or chapter thirty-five of the General Laws...")  See, St. 1991, ch. 138, § 363(c).

The Plaintiff has therefore never possessed those protections which he argues were unconstitutionally removed by the 1991 Legislation.  The Plaintiff could not have had a reasonable expectation at the time of his hire, given the prior enactment of the 1991 Legislation, that he was entitled to those protections he now seeks to enforce.

Accordingly, the Plaintiff lacks standing to challenge the constitutionality of the 1991 Legislation since he has not suffered an "injury in fact" -- an invasion of a legally protected interest. See, e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555 , 560 (1992).

With the Plaintiff having conceded the correctness of the primary basis for the City Council's *Motion to Dismiss* (i.e., that following the 1991 Legislation, Sheriff's Department employees were not entitled to the protections of G.L. c. 35; see Plaintiff's

4

*Memorandum* at p. 3), and with the Plaintiff also lacking any enforceable property interest at the time of the 1991 Legislation's enactment, the Court need not conduct a substantive due process analysis, and should allow the City Council's <u>Motion to Dismiss</u>.

2. **Even Should This Court Reach The Merits Of Plaintiff's Challenge To The Constitutionality Of The 1991 Legislation, The Plaintiff Has Not Carried His Burden Of Demonstrating That the Legislature Acted Arbitrarily Or Irrationally**.

The Plaintiff has not borne his burden of demonstrating that in enacting the 1991 Legislation, the Legislature acted arbitrarily or irrationally. In fact, the Legislature's actions were keyed to legitimate state interests.

   a. <u>This Court Has Previously Found That The Legislature Had A Rational Basis For Enacting The Provisions Here Challenged</u>.

This Court has previously considered the substantive due process implications of the 1991 Legislation's impact upon correctional employees in <u>Correction Officers Local 419 v. Weld</u>, 768 F. Supp. 397, 399 (D. Mass. 1991). In that case, the corrections employees' argued that the 1991 Legislation violated the rights of its members to substantive due process and that the legislature acted in an arbitrary and irrational way in removing its members from the coverage of G.L. c. 31.  <u>Id.</u>   This Court recited therein the rational bases underlying the 1991 Legislation, including the desire to place under a single statutory scheme all the employees of the Suffolk County Sheriff's Department, as well as keeping the Suffolk

5

County Sheriff's Department in harmony with other Sheriff's departments in the Commonwealth.  Id.

These arguments apply with equal force to the 1991 Legislation's elimination of the requirements of G.L. c. 35 for corrections employees, particularly with regard to the role of the City Council of Boston.  Where the 1991 Legislation transferred supervision and control of corrections employees from the City of Boston to the County (which this Court found to be rational in Weld, cite supra) it is likewise perfectly rational to remove from the City the obligation to provide post-termination hearings for those same employees, since the City no longer exercises any control over these employees.

    b. Corrections Employees Were Not "Excluded From Job Security And Other Protections Afforded To County Employees" By The 1991 Legislation.

The Plaintiff suggests that the Legislature via the 1991 Legislation deprived penal employees of job security and other protections.

As fully described in the City Council's *Memorandum of Law* supporting its *Motion to Dismiss* (Docket Item No. 7, at pp. 3-7), by the time of the 1991 Legislation, Suffolk County had virtually ceased to exist with the exception of functions related to the Sheriff's Department.  It is a rational action related to legitimate state interest, therefore, to assign not only supervision and control of corrections employees, but also the creation and enforcement of guidelines and procedures related to their

6

termination, to the only County entity existing in any meaningful way -- *i.e.*, the Sheriff.

The Plaintiff had at the time of his hire whatever protections were afforded to him by the Collective Bargaining Agreement in place at that time for corrections officers. Penal employees also were subject to c. 135 of the Acts of 1960, which provided post-termination hearings for covered employees via the Civil Service Commission. Moreover, the 1991 Legislation specifically authorized the Sheriff to promulgate guidelines and regulations concerning, *inter alia,* terminations. See, St. 1991, ch. 138, § 363(c). To the extent that the Plaintiff was allegedly terminated without adequate hearing (and as a party wholly uninvolved in those events, the City Council takes no position on this issue), the question presented by this litigation is not the constitutionality of the 1991 Legislation, but rather the adequacy of the procedures and guidelines promulgated by the Sheriff subsequent to its enactment (and the degree to which they were implemented in fact thereafter).[1]

3. **Since The 1991 Legislation Is Constitutional, The City Council Is Not Only Not An Indispensable Party To This Litigation, But Specifically Lacks The Authority To Provide The Plaintiff The Relief Sought**.

The Plaintiff argues that even in the event that the 1991 Legislation survives constitutional challenge, the City Council is

---

[1] The City Council notes that the Sheriff asserts that the Plaintiff was at the time of his discharge a management-level employee terminable at will without hearing, and that any property interest he possessed at the time of hire pursuant to c. 135 of the Acts of 1960 terminated when he was promoted to the position of Senior Investigator. See Docket Item No. 17, which the City Council adopts and incorporates by reference.

7

nevertheless an indispensable party to this litigation because "some body" must provide a post-termination hearing. As argued supra, the City Council lacks any statutory basis upon which to provide such a hearing since the 1991 Legislation specifically exempted penal employees from G.L. c. 35, which the Plaintiff cites as the City Council's authority to conduct such a hearing. The 1991 Legislation specifically permits the Sheriff to promulgate regulations relating to termination, and the Plaintiff is entitled to the protections and procedures which have been promulgated pursuant to that statute.

**CONCLUSION**

The City Council asks this Honorable Court to grant its Motion to Dismiss because pursuant to the 1991 Legislation, it lacks the authority or obligation to provide the relief requested by the Plaintiff, and because the Plaintiff lacked a property right under the 1991 Legislation and lacks standing to challenge its constitutionality.

        Respectfully submitted,

        DEFENDANT, CITY COUNCIL OF THE CITY OF BOSTON,

        Merita A. Hopkins
        Corporation Counsel

        By its attorney:

        s/James M. Chernetsky
        _____
        James M. Chernetsky
        Assistant Corporation Counsel
        City of Boston Law Department
        Room 615, City Hall
        Boston, MA 02201
        (617) 635-4048
        BBO# 638152