# E N D O R S E M E N T

STEPHEN SCANLON v. ANDREA J. CABRAL, individually and in her
capacity as Sheriff of Suffolk County, SUFFOLK COUNTY, and THE
CITY COUNCIL OF THE CITY OF BOSTON
04-CV-10418-MEL

LASKER, D.J.

Stephen Scanlon ("Scanlon") alleges that he was
wrongfully terminated as a Corrections Officer and Investigator
for the Suffolk County Sheriff's Department without adequate pre-
termination or post-termination hearings. Defendants Suffolk
County and the City Council of the City of Boston ("City of
Boston") move to dismiss the counts of the Complaint against
them. Scanlon consents to the elimination of Suffolk County as a
party to the suit, and for the reasons outlined below, the City
of Boston's motion to dismiss is GRANTED.

The City of Boston argues that the Massachusetts Acts
of 1991, c. 138, §§ 362, 363 ("1991 statute") transferred
supervision and control of all Suffolk County penal employees,
including authority regarding appointments, transfers,
terminations, and promotions, from the mayor and city council to
the Sheriff. Moreover, § 363 of the 1991 statute specifically
exempted the penal employees from the provisions of M.G.L. c. 35,
which had previously designated the city council to conduct post-
termination hearings. Therefore, the City of Boston maintains
that under the 1991 statute it lacks the authority or obligation
to provide the relief sought by Scanlon.

In response, Scanlon contends that the City of Boston
is a proper party to the suit because under M.G.L. c. 35 §§ 51,
56, the city council is responsible for administering the post-
termination hearing he requests. Scanlon asserts that although
the 1991 statute transferred responsibility for guidelines
governing terminations of penal employees to the Sheriff, the
statute did not extinguish penal employees' property rights in
continued employment. Scanlon maintains that the 1991 statute is
therefore facially invalid because it purports to eliminate
protections for this vested property interest in continued
employment by removing penal employees from the protections of
M.G.L. c. 35. As such, Scanlon argues that the 1991 statute does
not apply to his termination, because it would deprive him of his
property interest in continued employment. Cleveland Board of
Education v. Loudermill, 470 U.S. 532, 538 (1985). According to
Scanlon, due process requires that some body provide a post-
termination hearing, but none has a clear statutory mandate.

1

Scanlon contends that the city council still retains the authority to conduct such hearings for Suffolk County employees, is the most logical candidate to provide the remedy he seeks, and is therefore an indispensable party to the suit.

The 1991 statute is legislation "adjusting the burdens and benefits of economic life" and is reviewed with a presumption of constitutionality. <u>Correction Officers Local 419 v. Weld</u>, 768 F.Supp. 397, 399 (D. Mass. 1991)(quoting <u>Usery v. Turner Elkhorn Mining Co.</u>, 428 U.S. 1, 15 (1976)). The individual complaining of a due process violation bears the burden of establishing that the legislature acted arbitrarily or irrationally in enacting the allegedly offending statute. <u>Id.</u> As this Court has previously held, the legislature had a rational basis for enacting the 1991 statute: the desire to place all Suffolk County Sheriff's Department employees under a single statutory scheme, and to keep the Suffolk County Department in harmony with other Sheriff's departments throughout the Commonwealth. <u>Id.</u> Moreover, the 1991 statute did not deprive penal employees of job security and other protections, but instead reassigned supervision and control of penal employees, as well as the creation and enforcement of guidelines and procedures related to their termination, to the Sheriff. Penal employees retain protections under collective bargaining agreements, the Massachusetts Acts of 1960 c. 135, and any guidelines or regulations promulgated by the Sheriff pursuant to the 1991 statute. The 1991 statute is therefore constitutional.

To the extent that Scanlon was terminated without sufficient pre-termination and post-termination hearings, the question presented by this case is the adequacy of the procedures, guidelines, and remedies promulgated by the Sheriff subsequent to the 1991 statute. The City Council of the City of Boston is not an indispensable party to this suit because under the 1991 statute, it lacks the obligation or authority to provide the relief Scanlon seeks.

Accordingly, Suffolk County's and the City of Boston's motions to dismiss are GRANTED.

It is so ordered.

Dated:    March 10, 2005
          Boston, Massachusetts    <u>/s/ Morris E. Lasker</u>
                                   U.S.D.J.

2